IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SAVANNAH D. BYERS,
*Individually and as Administratrix of the Estate of ERIC S. BYERS, deceased*, *et al*.,
Plaintiffs,

v.

FINISHING SYSTEMS, INC., *et al*.,
Defendants.

CIVIL ACTION
No. 20-3207

**MEMORANDUM OPINION**

**Schmehl, J. /s/ JLS** **October 8, 2020.**

Before this Court are two motions to transfer venue made or joined by some of the defendants. Defendants argue that this case should be transferred from the Eastern District of Pennsylvania to the Middle District of Pennsylvania. Based upon the magnitude of harm that occurred in the Middle District of Pennsylvania, the convenience of the parties and witnesses, and in the interests of justice, the motions to transfer venue to the Middle District of Pennsylvania are granted.

## I. BACKGROUND

On July 19, 2018, in Chambersburg, Pennsylvania, an explosion occurred in the paint mixing room of the Letterkenny Army Depot. The explosion tragically took the lives of two plaintiffs, Eric S. Byers and Richard L. Barnes, and injured the seven other plaintiffs. (Am. Compl. ¶ 3.)

On November 12, 2019, this case was filed in the Philadelphia Court of Common Pleas. (Notice of Removal ¶ 1.) On June 30, 2020, defendants removed the case to this Court under 28

U.S.C. § 1442. (*Id.*) On July 10, 2020, plaintiffs filed an amended complaint which is the basis of the present suit.

All nine plaintiffs, including representatives of the deceased, are domiciled in the Middle District of Pennsylvania. (Am. Compl ¶ 4-18.) The complaint names twenty defendants including John and Jane Does, and unknown ABC Corporations. (*Id.* at ¶19-38.) Of the eighteen named defendants, ten have Pennsylvania addresses, and the other eight are of foreign states. (*Id.*) Of the ten Pennsylvanian defendants, the parties dispute whether four or five are headquartered in the Eastern District of Pennsylvania, which leaves five or six to the Middle District of Pennsylvania. (*See Id.*; ECF #49 pgs 3-4; ECF #155 pgs. 2-3.) At most, five defendants are headquartered in the Eastern District, five are headquartered in the Middle District, and the other eight named defendants are of foreign states.

The Letterkenny Army Depot is an 18,000-acre United States army base located in the Middle District of Pennsylvania. In the base, was a "paint kitchen" or "paint mixing room," which is where the explosion took place. Plaintiffs allege that the room stored highly flammable and dangerous chemicals. (Am. Compl. ¶ 49-51.) Further, the room was allegedly not code-compliant, had faulty ventilation, faulty fire systems, non-satisfactory safety procedures, contained faulty products, improperly installed devices, was improperly repaired and maintained, and more. (*Id.* at ¶ 49-64.)

At the time of the explosion, Eric Byers, Richard Barnes, and Cody Ash were replacing a drum in the paint mixing room. Suddenly, a fire spark turned into an engulfing flame while all three men were in the room. (*Id.* at 105-118.) Eric Byers and Richard Barnes did not survive the flames. Cody Ash barely survived, but with severe injuries. The other plaintiffs were nearby, and either saw, heard, or helped those engulfed in the flames.

Plaintiffs' suit alleges negligence, strict liability, negligence infliction of emotional distress, wrongful death, and a survival action. Presently, some of the defendants motion this Court to transfer the case to the Middle District of Pennsylvania under 28 U.S.C. § 1404(a).

## II. DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). District courts retain wide discretion in deciding motions to transfer venue, and such motions are evaluated on a case-by-case basis. *Kuczyinski v. GEICO Advantage Ins. Co.*, 2016 WL 374732, at *1 (E.D. Pa. Feb. 1, 2016) (citing *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1045 (3d Cir. 1973).

The inquiry under § 1404(a) is twofold. First, whether the "original and requested venue are proper." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). Second, if venue is proper, whether "the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Id.* at 879. The party seeking transfer bears the burden of proving that transfer is appropriate. *Reassure Am. Life Ins. Co. v. Midwest Resources, Ltd.*, 721 F.Supp.2d 346, 351 (E.D. Pa. 2010).

### A. Venue is Proper in the Eastern and Middle District of Pennsylvania.

Here, in the Eastern District of Pennsylvania, venue is proper. The case was filed in the Philadelphia Court of Common Pleas, and it was removed to this Court pursuant to 28 U.S.C. § 1442(a). Likewise, venue is proper in the Middle District of Pennsylvania simply because a substantial part of the events giving rise to this case, the explosion itself, took place in the Middle District. 28 U.S.C. § 1391(b)(2).

B. Transferring the Case Would be More Convenient for the Parties, and Justice Would Be Better Served in the Middle District of Pennsylvania.

A multi-factor balancing test is used to decide whether transfer is more convenient for the parties, and whether transfer is in the better interest of justice. *Jumara*, 55 F.3d at 879. The factors are divided into two categories, private and public.

The six private factors are: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) where the claim arose; (4) the convenience of the parties given their relative physical and financial condition; (5) the convenience of the witnesses to the extent they may be unavailable for trial in a given forum; and (6) the location of books and records to the extent they could not be produced in the alternative forum. *Id.*

The six public factors are: (1) the enforceability of the judgment; (2) practical considerations of trial logistics; (3) the relative court congestion of the two fora; (4) the local interests of each forum in deciding local controversies; (5) the public policies of the fora; and (6) the judges' relative familiarity with the applicable law. *Id.* at 879-80.

1. <u>Private Factor Number One: Plaintiffs' Choice of Venue.</u>

The Plaintiffs' choice of venue is generally given significant weight, and "should not be lightly disturbed." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). However, the plaintiffs' choice of venue is due less deference "when none of the operative facts occurred in the selected forum." *Coppola v. Ferrellgas*, 250 F.R.D. 195, 198 (E.D. Pa. 2008).

Here, the vast majority of the operative facts took place in the Middle District of Pennsylvania at the Letterkenny Army Depot. The explosion occurred there, and plaintiffs mainly allege that defendants failed to comply with local codes, failed to properly repair and maintain the paint mixing room, the room had faulty ventilation, and other similar claims.

Plaintiffs' choice of venue is given little weight because the location of the underlying facts that support their claims is the Middle District, not the Eastern District.

2. Private Factor Number Two: Defendants' Choice of Venue.

The defendants' choice of venue is due much less weight than plaintiffs. *Id.* The defendants, who have joined in the motions, have chosen the Middle District of Pennsylvania as their preferred venue to litigate the case. The Middle District is where all of the plaintiffs and some of the defendants are domiciled, and it is where a substantial part of the events underlying this case took place. *See Harper v. Sky King Fireworks, Inc.*, 2020 WL 4039060, at *3 (E.D. Pa. July 16, 2020). Thus, this factor weighs in favor of transfer.

3. Private Factor Number Three: The Claim Arose Elsewhere.

Where a substantial part of the events took place is a fact that can "weigh[] heavily in favor of transfer." *Hamilton v. Nochimson*, 2009 WL 2195138, at *8 (E.D. Pa. July 21, 2009). Previously stated, the vast majority of the events took place in the Middle District of Pennsylvania. The explosion, injuries, and the allegedly negligent repairs, maintenance, and devices all pertain to the Middle District of Pennsylvania. This factor weighs heavily in favor of transfer.

4. Private Factor Number Four: Convenience of the Parties.

While the defendants claim that the Middle District is more convenient, the plaintiffs respond that the Eastern District is no less convenient for the defendants. All of the plaintiffs live in the Middle District, whereas the defendants are a mixed bag. Some defendants reside in the Eastern District, some in the Middle District, and some of foreign states. Accordingly, this factor is neutral.

5. Private Factor Number Five: Convenience of the Witnesses.

The convenience of the witnesses is one of the most important factors of this analysis, and it is the movant's burden to show that witnesses will be inconvenienced if the Court retains the case. *Cable v. Allied Interstate, Inc.*, 2012 WL 1671350, at *9 (E.D. Pa. May 11, 2012). But the significance of this factor is diminished where the two forums are neighboring one another. *Harper*, 2020 WL 4039060, at *4.

The defendants admittedly have not met their burden of showing that any witness will in-fact be inconvenienced or could not make trial if one were held in the Eastern District of Pennsylvania. But an adjudication in the District Court where the events took place, and where fact witnesses likely reside appears to be more convenient for witnesses. Nevertheless, given the defendants' failure to meet their burden, this factor weighs against transfer.

6. Private Factor Number Six: Location of Books and Records.

The location of books and records is only relevant to the extent such information could not be produced in one of the two forums. *Jumara*, 55 F.3d at 879; *Coppola*, 250 F.R.D. at 200. Given technological advances and the proximity between the two forums, this factor weighs against transfer.

7. Public Factor Number One: Enforceability of Judgment.

This case presents no likelihood that enforceability of a judgment will be impacted in either fora, and therefore, this factor weighs against transfer

8. Public Factor Number Two: Practical Considerations.

The ease of travel and distance between the two forums weighs slightly in favor of transfer given the ease of traveling and distance between the plaintiffs and a court in Harrisburg, rather than a court in Reading or Philadelphia.

9. Public Factor Number Three and Six: Court Congestion and Familiarity with State Law.

Both forums are equally capable of adjudicating the case with respect to court congestion and familiarity with the law underlying the causes of action and defenses. This factor weighs against transfer.

10. Public Factor Number Four and Five: Local Interests and Public Policies.

Given that a substantial part of the events took place in the Middle District, and that "[t]he burden of jury duty should not be placed on citizens with a remote connection to the lawsuit," this factor weighs heavily in favor of transfer. *Coppola*, 250 F.R.D. at 200-01; *Harper*, WL 4039060, at *5. The Court finds it very important to this analysis that the incident occurred in the Middle District. The sheer magnitude of harm and damage caused by the explosion increases not only the Middle District's interest in the case, but also the citizens' interest. Accordingly, these factors weigh heavily towards transfer.

## III. CONCLUSION

After assessing the *Jumara* factors, the Court finds that the parties and the interests of justice will be better served if the case is adjudicated in the Middle District of Pennsylvania rather than in the Eastern District. The Court's analysis is not dependent upon the number of factors on each side, rather, it depends upon the totality of the weight of the factors on each side. The Court finds that the incident underlying the complaint, the explosion at the Letterkenny Army Depot, which caused catastrophic harm in the Middle District, the logical assumption that most fact witnesses likely reside in the Middle District, the District's interest in adjudicating the case, and the District's citizens' interest in resolving the case, shows that the parties and justice is better served if this case is adjudicated in the Middle District of Pennsylvania.

For these reasons, defendants' motion to transfer venue to the Middle District of Pennsylvania are GRANTED.

**BY THE COURT:**

/s/ Jeffrey L. Schmehl
Jeffrey L. Schmehl, J.